[Civ. No. 6232.   Second Appellate District, Division One.—May 16, 1930.]

LESTER A. WALLACE, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Appellants.

Newlin & Ashburn, R. L. Haight, Frank Karr, O. O. Collins and E. E. Morris for Appellants.

William B. Ogden, James Donovan and G. M. Grant for Respondent.

CRAIG (ELLIOT), J., *pro tem.*—Plaintiff, on January 14, 1925, was engaged as an express messenger for the American Railway Express Company (hereinafter called Express Company) upon an express car operated by the Pacific Electric Railway Company (hereinafter called Railway Company). A collision of the express car and the rear end of a train occurred through the admitted negligence of the Railway Company, but both defendants deny that any injury resulted therefrom to plaintiff. The judgment as rendered is in favor of the plaintiff and against the Railway Company. Nevertheless, both defendants have appealed, separately, but have joined in the filing of briefs and have presented six propositions for our consideration. We shall discuss them in the order presented.

Point one: "The court erred in ruling as a matter of law that plaintiff was not employed jointly by both defendants."

The operations of the express business over the lines of the Railway Company were conducted under a contract between the two defendants. They claim that the proper interpretation of that contract is that defendants were partners in the express transportation business, or, if not partners, that they were at least joint adventurers. The ultimate point in appellants' contention is that if the relationship of the defendants be either that of partnership or joint adventure then it must follow that plaintiff is the joint employee of both defendants, and plaintiff would thereby be limited to an award under "the Workmen's Compensation, Insurance and Safety Act of 1917." By said contract the Railway Company "does let and demise, to the Express Company, the exclusive right and privilege, . . . , to control, conduct and transact all the express transportation business over the lines . . . " of said Railway Company. The compensation therefor is in part from particular revenues, but

speaking generally is a per centum of the net revenues determined at fixed periods by a very complicated system of accounting. Our conclusion is that the contract relationship of the defendants, each to the other, is neither that of partners nor of joint adventurers. The intention of the parties to the contract, as expressed therein, is clearly against the contention of partnership or joint adventure in that said contract provides for a letting to the Express Company of the right to control, conduct and transact transportation business over the lines of the Railway Company and the Railway Company agrees to furnish the necessary cars and car space to the Express Company for the per centum of net proceeds as compensation. A sharing of profits is not the only test; there must be a community of interest in the business to constitute either a partnership or a joint adventure. Under the contract the business is the business of the Express Company and not the business of the Railway Company.

Point two: "Railway Company was by valid contract relieved from liability for injuries to employees of the Express Company, and plaintiff is bound thereby."

The contract between the defendants contains the provision that as between the two companies the Express Company shall be liable for injuries to Express Company employees while engaged in its business on any of the lines covered by the contract. The contract further provides that the Express Company shall indemnify and save harmless the Railway Company against all claims, demands, suits and actions whatsoever therefor.

Appellants contend that if it is held that the defendants are not partners or engaged in a joint enterprise, then it must follow that the Railway Company is the agent of the Express Company and both would be liable as agent and principal, respectively, for the agent's negligence; and that since full satisfaction has been had as against the principal (the Express Company) by reason of the compensation award (which is being paid regularly and to which no objection is raised), there cannot be a double satisfaction of this liability, i. e., collection may not be had from the agent after satisfaction by the principal. The fallacy of appellants' position, as we see it, is in the fact that the compensation liability which has been adjudged is not the common-law negligence liability recovery of which is now sought

as against the "agent" only (assuming for this statement only that the Railway Company is an "agent" in this case).

Section 6 of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 834; Stats. 1923, p. 375) provides that compensation liability is "in lieu of all other liability" of the employer, but does not say in satisfaction thereon; and section 26 of said act (Stats. 1917, p. 854, sec. 26; Stats. 1919, p. 920, sec. 8) specifically declares that the claim of an employee for compensation shall not affect his right of action for damages arising out of injury against any person other than the employer. Therefore it follows that even though an employee within said act cannot maintain an action for damages against his employer for injury sustained through the negligence of an agent of the said employer such employee can maintain such action against such agent, and satisfaction by the employer of a compensation award is not a satisfaction by a principal of the agent's liability to the employee.

Appellants argue that if this judgment is allowed to stand the Express Company will be required to pay twice for the same injury. Section 26 of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 854, sec. 26; Stats. 1919, p. 920, sec. 8) provides: "The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation." However, without attempting to determine the effect of this provision of the law upon the amount or amounts which the Express Company may ultimately be required to pay, a sufficient answer to appellants' argument is that ultimate liability, if any there be, on the part of the Express Company for the judgment in this case is solely upon and by reason of its own contract voluntarily made, and is not the result of any obligation imposed by law.

Appellants also argue that the plaintiff as express messenger had no greater right to be in the car than the rights of the Express Company under its contract; that his presence as express messenger was only the presence of the Express Company and that as there could be no liability on the part of the Railway Company to the Express Company, it must follow that there is no liability of the Railway Company to the plaintiff. A sufficient answer to this

contention is that plaintiff, under the record in this case, had no knowledge of the said waiver of liability and therefore (even if otherwise he would be bound), he is not bound by a waiver by the Express Company to the Railway Company of liability to plaintiff for injury to him by the negligence of said Railway Company. (*Chamberlain* v. *Pierson,* 87 Fed. 420 [31 C. C. A. 157].)

■ Point three: "The court erred in permitting plaintiff to introduce by amendment a new cause of action after same had been barred by statute of limitations."

A recital of dates is here necessary. The collision occurred January 14, 1925. The complaint was filed against both defendants on June 10, 1925; the amended complaint was filed June 25, 1925; the second amended complaint was filed July 18, 1925. On August 7, 1925, the Express Company answered this second amended complaint and set up a counterclaim for recovery of money paid out to and for plaintiff in connection with his alleged injuries. On September 16, 1925, plaintiff appeared before the Industrial Accident Commission of the state of California and filed application for adjustment of his claim against the Express Company. This application was heard October 1, 1925, and resulted in an award of $20.52 per week for an indefinite period.

In the third amended complaint, filed May 3, 1926, plaintiff endeavored to drop the Express Company as a party defendant, but as it was then seeking affirmative relief upon its counterclaim it remained in the case. The fourth amended complaint was filed May 24, 1926 and as in the third amended complaint the Railway Company was the only defendant named therein. Both defendants demurred to the fourth amended complaint, but the demurrers were overruled and the trial resulted in a verdict and judgment for plaintiff against the Railway Company.

It will be noted from the above dates that the limitation of one year for commencing an action for personal injury under state law expired while the case was pending on the second amended complaint. The first amended and second amended complaints attempted to state a cause of action against both defendants under the Federal Employers' Liability Act (45 U. S. C. A., secs. 51, 59). The third and fourth amended complaint declared for a cause of action against the Railway Company on common-law negligence

under the state law. As between these two sets of amended complaints there was a switching from law to law, i. e., from a cause of action given by the federal Employer's Liability Act, a federal statute, to a cause of action on common-law negligence under state law. The answer to appellants' said point three, therefore, must be found by an examination of the original complaint. The original complaint contained no allegation of interstate business. It follows, therefore, that there was the implied allegation of intrastate business. The Express Company demurred to this original complaint upon the ground that plaintiff's relief, if any, as against it was exclusively by a proceeding under the Workmen's Compensation, Insurance and Safety Act of this state and said demurrer was sustained. Hence the cause of action actually stated therein against the Railway Company was on the common-law negligence cause of action. The right to maintain this cause of action first stated under the original complaint was not finally terminated by the intervening amended complaints, which were finally replaced by the fourth amended complaint; and since the latter was practically identical with the original complaint except as to the attempt to drop the Express Company as a party defendant thereunder, it follows that the cause of action set forth in the fourth amended complaint was not barred by the statute of limitations.

Point four: "The court, by its ruling, usurped the functions of the jury."

At the trial defendants admitted negligence, but not the fact of injury.

In his instructions to the jury the trial judge said: "Your only function now is to take the law as given you by the court and determine the fact as to the extent if any of the injuries suffered by the plaintiff caused by the negligent act which has been admitted. In doing so you will consider how badly he was injured by this accident, the extent of the injury, whether temporary or permanent, the pain and suffering which he has already endured caused by this act, the act which I have mentioned, and which is reasonably certain to be suffered in the future. . . . You shall award such damages as you find from the evidence he sustained caused by the negligent act which has been admitted and which he will be reasonably certain to endure in the future."

Appellants contend that the court instructed the jury that the only issue was amount of damages. We think that appellants' contention is not sustained when the instructions are considered as a whole, even though the instructions contain the words "if any" only once. We do not consider as prejudicial error the fact that the expression was "extent if any of the injuries" rather than "extent of the injuries, if any." If there was no "extent" then there could be no "injuries." The failure of the trial judge to repeat the words "if any" or similar words throughout the instructions did not, in our opinion, result in prejudicial error.

■ Point five: "The court erred in refusing to give the jury the customary *falsus in uno* instruction."

Defendants requested an instruction in the language of the statute (subd. 3, sec. 2061, Code Civ. Proc.), to wit: "A witness false in one part of his testimony is to be distrusted in others." The court refused to give this instruction and did not give any substitute for it.

Undoubtedly earlier cases, by *obiter dicta,* have indicated that the court must give this instruction when requested in a proper case; but later cases have materially modified these earlier statements.

"An instruction that 'a witness false in one part of his testimony is to be distrusted in others,' belongs to that class of instructions which pertain to mere commonplace matters that jurors are presumed to know about and act upon in the absence of being instructed thereon. Hence, if not prejudicial to the case of the complaining party neither the giving nor the refusing of such instructions will be held ground for reversal." (*Medlin* v. *Spazier,* 23 Cal. App. 242 [137 Pac. 1078]—hearing in Supreme Court denied.)

"It should certainly not be of importance to tell the ordinary man of the world that he should distrust the statements of a witness whom he believes to be a liar." (*Reynolds* v. *E. Clemens Horst Co.,* 35 Cal. App. 711 [170 Pac. 1082, 1086].)

After a consideration of the whole record in this case we conclude that the refusal to give this instruction was not prejudicial error.

■ Point six: "The verdict is so excessive as to require a reversal."

"In every case of this character the soundness of the verdict must be determined in its own peculiar facts and cir-

cumstances. It is true, also, as said in *Bond* v. *United Railroads* (159 Cal. 277 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366]), that 'Our power over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush passion, prejudice, or corruption on the part of the jury (citing cases). Practically, the trial court must bear the whole responsibility in every case.' But if 'the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury' (*Morgan* v. *Southern Pac. Co.*, 95 Cal. 510 [29 Am. St. Rep. 143, 17 L. R. A. 71, 30 Pac. 603]) the verdict must be held excessive." (*Wiezorek* v. *Ferris,* 176 Cal. 353, 358 [167 Pac. 234].)

"In considering an attack upon a verdict as excessive, the appellate court must treat every conflict in the evidence as resolved in favor of respondent and must give him the benefit of every inference that can reasonably be drawn in support of his claim." (*Kimic* v. *San Jose etc. Ry.,* 156 Cal. 273 [104 Pac. 312, 314].)

The record before us shows that it was stipulated at the trial that the Carlisle Experience Tables give the present value of an annual income of $1,726.80 for a man of the age of 48 years as $20,886.36. While plaintiff's employment in this particular position had been of but short duration at the time of the collision, and he was then on what is called the "extra list," nevertheless, he was employed and for an indefinite period and for full-time work would have received a total of $1726.80 annually. Plaintiff's age at the time of the collision was shown to be 48 years.

The briefs state that a motion for a new trial was made by defendants and that one of the grounds thereof was that the verdict was excessive. Apparently, then, the trial court did not consider the verdict excessive.

The testimony as to the extent of the injury to plaintiff's spinal vertebrae was conflicting, but we consider the evidence as a whole sufficient to support the amount of the verdict, to wit, the sum of $12,500.

■ It appearing that there is no judgment against the Express Company and that it is not a party aggrieved by the judgment and has no right of appeal from this judg-

ment, the appeal of the Express Company is dismissed. (Sec. 938, Code Civ. Proc.) The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 11, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 14, 1930.