[Civ. No. 12583.   First Dist., Div. Two.   Jan. 17, 1944.]

FRED J. WESSELL, Appellant, v. J. F. BARRETT et al.,
Respondents.

Fitz-Gerald Ames for Appellant.

Redman, Alexander & Bacon for Respondents.

NOURSE, P. J.—Plaintiff sued for personal injuries incurred while engaged in loading refuse lumber upon a truck operated by him.   At the close of his case the trial court granted defendants' motion for a nonsuit upon the ground that plaintiff was a special employee of Barrett & Hilp and that the Industrial Accident Commission had exclusive juris-

diction over compensation for the injuries. We refer herein to the copartnership Barrett & Hilp as respondent. The plaintiff has appealed from the judgment, and from the order denying him a new trial.

The facts, of course, all come from the evidence offered by plaintiff, and, in stating them here we follow the general rule of giving to plaintiff the benefit of all presumptions and inferences most favorable to him. Plaintiff was a truck driver in the general employ of Sibley Grading and Teaming Company. Barrett & Hilp were general contractors engaged at the time in the construction of the National Broadcasting Company building at the corner of O'Farrell and Taylor Streets in San Francisco. The terms of the contract between the Sibley concern and Barrett & Hilp are not disclosed in the evidence, but the parties assume that plaintiff followed his customary practice when he reported with his truck to the foreman or superintendent of Barrett & Hilp. The evidence is that on the morning of the accident he reported to the foreman of Barrett & Hilp pursuant to previous orders of his general employer—and these appear to be the only orders given him by his general employer for the day. He thereafter placed himself under the sole supervision and control of this foreman. The latter instructed him to place his truck under a chute on Taylor Street and load it with refuse lumber which other employees of Barrett & Hilp would send down the chute from the fourth floor. This foreman had a gang of four or five men working with him gathering the lumber on the fourth floor, and he assigned another employee to work with plaintiff in loading the truck. The foreman had complete control over the entire gang of workmen and had arranged with plaintiff and his helpers a system of signals by which those on the truck could warn those on the roof that the chute was clogged and that operations should stop until the chute was cleared. The foreman stood on the firewall of the fourth floor, received the signals from those on the truck to stop or go ahead, and issued orders to the gang on the roof accordingly. These operations continued in this manner throughout the day. As the truck was loaded plaintiff carried the lumber to a vacant lot, under orders of Barrett & Hilp's foreman, dumped it there and returned for another load. At about 4:00 p. m. the chute became clogged. Plaintiff gave the agreed signal to the foreman on the roof to stop, the signal was acknowledged, but while plaintiff and his helper were cleaning the

bottom of the chute a piece of lumber came down and struck plaintiff on the hip causing the injuries complained of.

For these injuries the plaintiff sought and recovered through the Industrial Accident Commission compensation, including medical care and hospitalization, from his general employers, but did not ask for such compensation through the commission against Barrett & Hilp. The issue on this appeal is whether the evidence shows that Barrett & Hilp was the special employer of plaintiff at the time the injuries occurred and that plaintiff's exclusive remedy was to proceed against it before the Industrial Accident Commission in accordance with the terms of section 3601 of the Labor Code.

The general principles relating to liability in cases of general and special employment are stated in Campbell on Workmen's Compensation, volume 1, section 457, where it is said: "The requisites for imposing liability upon both general and special employer are: (1) a loaned employee situation, in which an employee of one is sent to perform labor for another; (2) a common or joint participation in the work and benefit to each from its rendition; (3) some power, not necessarily complete, of direction and control over details in each."

In *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.*, 179 Cal. 432, 439 [177 P. 273], the Supreme Court stated the principle as follows: "where, at the time of the accident, both the general and special employer exerted some measure of control over the injured person through their respective foremen or employees, both should be held liable." The rule has been followed and approved in many later cases, some of which are: *Famous Players Lasky Corp.* v. *Industrial Acc. Com.*, 194 Cal. 134, 137 [228 P. 5, 34 A.L.R. 765]; *Independence Indemnity Co.* v. *Industrial Acc. Com.*, 203 Cal. 51, 55 [262 P. 757]; *Umsted* v. *Scofield Eng. Const. Co.*, 203 Cal. 224, 227 [263 P. 799]; *Department of Water & Power* v. *Industrial Acc. Com.*, 220 Cal. 638, 641 [32 P.2d 354]; and *Silberman* v. *Industrial Acc. Com.*, 21 Cal.2d 609, 611 [134 P.2d 228]. In *Entremont* v. *Whitsell*, 13 Cal.2d 290 [89 P.2d 392], and *Stewart & Nuss* v. *Industrial Acc. Com.*, 55 Cal. App.2d 501 [130 P.2d 985] emphasis is laid on the right to exercise direction and control, and in *Guarantee Ins. Co.* v. *Industrial Acc. Com.* (22 Cal.2d 516 [139 P.2d 905]) it is said that if the special employer had the right to exercise control over the employee "it would be immaterial whether she actually exercised the control." This principle was reaffirmed in *National Auto Ins. Co.* v. *Industrial Acc. Com.*,

23 Cal.2d 215, 219 [143 P.2d 481], citing *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.*, 190 Cal. 97 [210 P. 628], and *Press Pub. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114 [210 P. 820].

Here the appellant testified that respondent's foreman always gave him the orders relating to the loading of the truck; that when he finished the day's work he gave the foreman a receipt to show he had been "working for Barrett & Hilp"; that the foreman gave him all his orders while he was working on the job; that he had no orders from his general employer except to report for instructions to this foreman; that at the time of the accident he was working with an employee of Barrett & Hilp loading and straightening the lumber on the truck, and that both were then under the direction and control of respondent's foreman. Upon these facts which make the case presented by appellant there can be but one conclusion and that is that, at the very time of the accident, appellant was a special employee of respondent. As such he was entitled to compensation under the Labor Code and is not entitled to prosecute this action for damages.

It is suggested by appellant that there was insufficient proof that respondent carried insurance as required by the Labor Code. But that was a matter for him to plead and prove. Section 3706 of the Labor Code provides that: "If any employer fails to secure the payment of compensation, any injured employee . . . may bring an action at law" for damages. Section 3710 of the same code declares a failure of an employer to secure payment of compensation to be a misdemeanor. In view of the presumption of innocence of crime and the presumption that the law has been obeyed, it was incumbent upon appellant to plead a case within the statute. But, in any event, there is here evidence tending to show that respondent had an "insurance carrier" and appellant does not dispute respondent's assertion that it was in fact insured for "the payment of compensation" under the Labor Code.

The appeal from the order denying a new trial is dismissed; the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied February 16, 1944, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1944.