[Civ. No. 7660. Third Dist. Dec. 20, 1949.]

FRED H. JACKSON, Appellant, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Respondent.

L. C. Smith, Pugh & Pugh and William H. Stoffers for Appellant.

Robert H. Gerdes, John J. Briare, W. R. Dunn and Carr & Kennedy for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against him pursuant to an order sustaining a demurrer to the second amended complaint without leave to amend the pleading, and from an order refusing to permit the filing of a third amended complaint, application for which was made, upon due notice, under section 473 of the Code of Civil Procedure.

This is a suit for damages for personal injuries received by plaintiff when a derrick attached to a truck upon which plaintiff was riding came in contact with the high-power electric wires maintained by the defendant. Plaintiff was seriously injured by the electricity which passed through his body. The original complaint inadvertently alleged that plaintiff was employed by and under the supervision and control of defendant, thus barring him from maintaining this action, since the Workmen's Compensation Act (Lab. Code, § 3601) provides for the exclusive remedy when the relationship of employer and employee exists between the parties. Before the defendant made an appearance plaintiff filed an amended complaint under section 472 of the Code of Civil Procedure, omitting all reference to his employment by the defendant. To that complaint the defendant filed a demurrer which was sustained with permission to amend the pleading. Plaintiff filed a second amended complaint in which he alleged that, at the time of the accident he was "the employee of E. B. Bishop Company," but that, pursuant to a contract between that company and the defendant, the employees of the Bishop Company were "acting under the immediate direction, supervision and control of defendant," and that plaintiff was injured through the negligence of Frank Gerhard who was operating the truck with the attached crawler-crane, upon which plaintiff was riding at the time of the accident. A demurrer to that complaint was sustained *without leave to amend the pleading.* In sustaining that demurrer without leave to amend, the court asserted that it had a right to consider the allegations of the original complaint which contained a statement against interest with regard to plaintiff's employment, which he would not be permitted to contradict in the amended pleading and

which previous statement precluded him from maintaining this action. In effect, the court held that the plaintiff was bound by his inadvertent statement against interest in his original complaint, regardless of his effort to correct the alleged mistake and to explain the reasons therefor in an amended pleading.

The plaintiff then moved, upon due notice, under section 473 of the Code of Civil Procedure, to modify and set aside the last order sustaining the demurrer without leave to amend, and to permit him to file a third amended complaint, a copy of which was attached to the notice of motion. That proposed verified amended complaint was presented at the hearing and is endorsed, "Filed July 19, 1948." Upon hearing, the court denied the motion to modify the last order sustaining the demurrer to the second amended complaint, and denied the application to file the proposed third amended complaint, on the stated ground that "plaintiff did plead himself out of court" in his various attempts to amend his complaint. From the judgment sustaining the demurrer to the second amended complaint and denying the application to file a third amended complaint the plaintiff has appealed as previously stated.

The appellant contends that the second amended complaint states a valid cause of action, and that the court erred in sustaining the demurrer thereto, especially without leave to amend the pleading, and that the court abused its discretion in denying his application under section 473 of the Code of Civil Procedure for modification of the judgment sustaining the demurrer and in denying him permission to file the third amended complaint.

■ An appeal lies from an order sustaining a demurrer without leave to amend, even though "no request to amend such pleading was made." (Code Civ. Proc., § 472c; *MacIssac v. Pozzo*, 26 Cal.2d 809, 816 [161 P.2d 449].)

■ The original complaint clearly failed to state a valid cause of action for the reason that it stated that, at the time of the accident, the plaintiff was, in effect, an employee of the defendant. It is true that when an employee of the defendant sustains injuries in the course of his employment which are compensable under the Workmen's Compensation Act, that act provides his exclusive remedy, and he may not maintain an action for the tort in any other tribunal. (*Fitzpatrick v. Fidelity & Casualty Co. of N. Y.*, 7 Cal.2d 230 [60 P.2d 276]; *Wessell v. Barrett*, 62 Cal.App.2d 374 [144 P.2d 656]; 27 Cal. Jur. § 8, p. 262; Lab. Code, § 3601.)

■ There is an exception to the foregoing rule. If the employer "fails to *secure* the payment of compensation" for such injuries, the claimant may maintain an action for the tort independently of the Workmen's Compensation Act. Section 3706 provides that:

"If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition, may bring an action at law against such employer for damages, as if this division did not apply."

■ The question of the relationship of the parties as employer and employee is ordinarily one of fact to be determined by the court from the evidence. ■ An employee may be working in a dual capacity. If he is injured in the performance of services which are not compensable under the Workmen's Compensation Act, he may maintain an action for the tort independently of that act. (*Crockett* v. *Industrial Acc. Com.*, 190 Cal. 583 [213 P. 969]; *Wessell* v. *Barrett,* 62 Cal. App.2d 374, 376 [144 P.2d 656]; 27 Cal.Jur. § 44, p. 314.) If the plaintiff was an employee of the Bishop Company and not an employee of the defendant, and he was not injured in the course of any employment by the defendant, we assume he would have the right to maintain this action independently of the Workmen's Compensation Act. In the proposed third amended complaint the plaintiff clearly attempted to allege facts which do not give the Industrial Accident Commission jurisdiction. If that complaint fails to do so then we concede that the court properly denied him leave to file that complaint. But we think that pleading as it stands does not confer jurisdiction on the Industrial Accident Commission.

■ It is a well established principle that pleadings and amendments thereto should be liberally allowed and construed with the object to afford every litigant his day in court and to render substantial justice between the parties. (*LeCyr* v. *Dow,* 30 Cal.App.2d 457, 462 [86 P.2d 900]; *Roland* v. *Kreyenhagen,* 18 Cal. 455, 457; 21 Cal.Jur. § 30, p. 53.)

We are of the opinion the court abused its discretion in sustaining the demurrer to the second amended complaint without leave to amend the pleading, and in denying plaintiff the privilege of filing his proposed third amended complaint.

We think the court erred in assuming upon demurrer to the second amended complaint that it had a right to consider the allegations of the original complaint to the effect that

plaintiff was an employee of the defendant, and to determine his relationship in that respect by reference thereto on the theory that he was bound by that statement, when in fact that statement was withdrawn and abandoned by the filing of the amended complaints which superseded the original complaint. It is true that under certain circumstances a court may consider a pleading in the records to which an amended pleading has been filed. For instance, when a demurrer or motion to strike out a pleading on the ground that the amended pleading does not change the original one or that it is frivolous or sham the court may consider the original pleading to determine that matter. (*Neal* v. *Bank of America National Trust & Sav. Assn.*, 93 Cal.App.2d 678, 681 [209 P.2d 825].)

The province and purpose of the law is to ascertain the real facts and to administer justice in the light of such facts. It would seem to be a travesty on justice if a litigant had inadvertently, ignorantly and erroneously stated as a fact, without fault on his part, an admission against interest, if he were to become bound thereby and would not be permitted upon proper showing to correct the innocent error and assert the true fact in that regard. We do not concede that is the law. It has been held that when an original pleading contained an admission against interest, the filing of an amended pleading superseded the original one and that the original pleading could not be used as evidence or be considered by the court. (*Ralphs* v. *Hensler,* 114 Cal. 196 [45 P. 1062] ; *Miles* v. *Woodward,* 115 Cal. 308, 316 [46 P. 1076] ; 49 C.J. § 773, p. 558 ; 41 Am.Jur. § 313, p. 507.)

In the Ralphs case, *supra,* a judgment for plaintiff was reversed on appeal because the court admitted in evidence an original answer containing an admission against interest which had been superseded by an amended answer. The Supreme Court said :

''. . . The amended answer of defendant filed in pursuance of the leave of court thus obtained was an answer which omitted all of the averments which the defendant had theretofore solemnly made, and which the court had held to amount to a ratification.''

Quoting with approval from *Mecham* v. *McKay,* 37 Cal. 154, the Supreme Court further said :

''It was early held . . . that an original pleading containing an admission against interest, which original pleading had been superseded by an amended pleading, could not be admitted in evidence against the pleader, and it was said: *'If the*

*party amends his pleading stating the facts differently he would reap no benefit from his amendment, if the adverse party were at liberty to use the first pleading as an admission to overthrow the amended pleading.''*

That court concluded the opinion by stating that:

''. . . Under the rule as thus laid down defendants' answer containing the admissions amounting to a ratification *was superseded and ceased to be a subsisting pleading. Its declarations could not have been received or considered by the court.''* (Italics added.)

Likewise, the text in 41 American Jurisprudence, *supra,* which is amply supported by authorities in many jurisdictions, says in that regard:

''An amended pleading which is complete in itself and does not refer to or adopt a former pleading as a part of it supersedes the former pleading. The original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary, and the plaintiff cannot avail himself of the allegations contained in the superseded pleading.''

The respondent contends that a party is bound by his allegation against interest contained in a pleading, and may not be permitted to alter, abandon or omit that statement in an amended pleading so as to avoid the effect thereof. In support of that statement several authorities are cited. Those cases, however, are distinguishable from the present action.

In *Rhode* v. *Bartholomew,* 94 Cal.App.2d 272, at page 279 [210 P.2d 768], the court said: ''A party will not be permitted to disprove admissions in his pleadings.'' That statement applied only to subsisting pleadings which remained in force, not to untrue and erroneous statements which have been disavowed and corrected in an amended pleading substituted for the original one. In support of the above quoted statement, the Rhode case cites *Driver* v. *International Air Race Assn.,* 54 Cal.App.2d 614, 620 [129 P.2d 771]. In the Driver case the court likewise said that, ''a party cannot disprove admissions in his pleading.'' That statement referred only to defendant's effort at the trial to disprove an admission against interest contained in his subsisting answer on file in that case. It did not apply to inadvertent admissions made in a former pleading which became *functus officio* and ineffectual by the correction of the mistake in an amended pleading filed by leave of court.

The other cases cited by respondent on that subject are

likewise distinguishable. The case of *N. H. Development Co. v. California Lands, Inc.,* 176 P.2d 755, which was cited by respondent, is not authority in support of its contention in that regard. A hearing was granted by the Supreme Court in that case, and the appeal was subsequently dismissed. Moreover, in that case it was properly held there was no abuse of discretion in sustaining a demurrer to a second amended complaint *without leave to amend,* for the reason that both the former complaint *and the second amended one* alleged an admission against interest, in the form of an "authorization" which defeated plaintiff's cause of action. The appellate court said in that regard:

". . . The 'Authorization' which had been pleaded in the original complaint, *and was also set up in the third and ninth counts of the second amended complaint* as having been executed by plaintiff, authorized defendants . . . to operate the Rancho until all of the secured indebtedness had been paid." (Italics added.)

It thus appears that it was not necessary to resort to the former complaint to determine that plaintiff had formally waived his right to recover in that action, by the terms of his written "authorization." The same authorization and waiver was also "set up" in the second amended complaint to which the demurrer was sustained.

We think the correct rule with respect to reference to former pleadings which have been substituted by amended pleadings filed by leave of court is that the abandoned and substituted pleadings may be considered only for certain limited purposes, but not to bind the pleader to an untrue and erroneous admission against interest which was inadvertently contained therein, but which has been subsequently disavowed and corrected in an amended pleading filed by leave of court, in which, or accompanying which, satisfactory explanation is made of the reason which caused the original erroneous statement. Otherwise, it would be useless and futile to correct an innocent mistake of fact by stating the truth with respect thereto and explaining the cause of the erroneous statement. The primary function of our courts of justice is to ascertain the truth and real facts of a case and to administer justice accordingly. If courts were to bind litigants to inadvertent untrue statements of facts and forbid them the inherent right to correct the false by substituting the true facts, they would become partisans to miscarriages of justice. Our courts not only permit, but strive to elicit, the true facts of all cases, and

to render justice by applying the law to such facts. That is the purpose and spirit of the provisions of section 473 of the Code of Civil Procedure, which reads in part:

"The court may, in furtherance of justice, . . . allow a party to amend any pleading . . . by correcting a mistake in the name of a party, *or a mistake in any other respect; . . .*" (Italics added.)

It has been frequently held that courts should exercise great liberality in applying that section and in allowing such amendments. The latest declarations of our Supreme Court and the District Court of Appeal recognize that requirement upon condition only that the amendments shall contain or be accompanied by satisfactory explanation of how the erroneous statements occurred. (*County of Los Angeles* v. *Lewis,* 179 Cal. 398, 400 [177 P. 154]; *Jorgensen* v. *Dahlstrom,* 53 Cal. App.2d 322, 331 [127 P.2d 551]; *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Tognazzi* v. *Wilhelm,* 6 Cal.2d 123, 127 [56 P.2d 1227]; *LeCyr* v. *Dow, supra,* at p. 461; *Neal* v. *Bank of America, supra; Zakaessian* v. *Zakaessian,* 70 Cal.App.2d 721, 724 [161 P.2d 677]; 21 Cal.Jur. §§ 127, 128, p. 183.) In the Wennerholm case, in which an order, sustaining a demurrer to the fifth amended complaint without leave to amend that pleading, was reversed on appeal, the Supreme Court said:

"It has been held, under such circumstances, that denial of leave to amend constitutes an abuse of discretion even though it be conceded that the trial court had authority to sustain the special demurrer because of defects in the form of the pleading."

In the present case plaintiff's motion under section 473 of the Code of Civil Procedure to file his proposed third amended complaint, a copy of which was attached to the notice of motion, should have been granted, in spite of the fact that it may have been subject to demurrer for uncertainty or other defects in form.

The proposed third amended complaint definitely alleges that "At all times herein referred to, plaintiff was working as the employee of E. B. Bishop Company." All that it states is that one Frank Gerhard, who was operating the crane-crawler upon which plaintiff was injured, was under the "direction, supervision and control" of the defendant. With relation to the required explanation of the erroneous statements against interest which were included in the former complaints, the proposed third amended complaint states that

such incorrect statements "were based upon erroneous and mistaken information relative to the matters referred to therein," as follows: [Here follow three paragraphs definitely stating that the erroneous allegations were those which plaintiff desires to correct and abandon.] As excuse or explanation for including those erroneous statements in the former pleadings, the plaintiff alleges:

"That at the time of drafting and filing said original complaint [by his attorney] the plaintiff's condition of memory was such as to make it very difficult for him to give his counsel a complete and accurate statement of the circumstances surrounding his injury or preceding it. Counsel for plaintiff were, therefore, required to assemble the facts as best they could from the limited sources of information available."

It appears that plaintiff was seriously and permanently injured as a result of the derrick coming in contact with the high-power lines of defendant, and that he was confined in a hospital, and therefore mentally incapable of disclosing the true facts to his attorneys.

The proposed third amended complaint then proceeds to recite how counsel later acquired his knowledge of the true facts with relation to the nature of plaintiff's employment. The pleading alleges that the attorneys afterward secured a copy of a written agreement, dated March 15, 1946, from defendant's San Francisco office, and from a transcript of evidence taken at the coroner's inquest of another person who was electrocuted in that same transaction, showing conclusively that "plaintiff was at all times mentioned in the complaint an employee of the E. B. Bishop Company *and not an employee of defendant* Pacific Gas & Electric Company." (Italics added.)

It thus appears that plaintiff was employed by the Bishop Company, and that he was injured while riding on a truck carrying a crawler-crane, which was being operated by Frank Gerhard *who was employed and under the control of the defendant,* not the Bishop Company. But it is not alleged what relationship Gerhard sustained to the Bishop Company. Nor is it alleged that the Bishop Company was under the direction and control of the defendant. The essential facts to show that indirect relationship are not alleged. That relationship between plaintiff and the defendant is a matter of defense which should be raised by either a demurrer for uncertainty or by answer. We therefore conclude that the court abused

its discretion in refusing to permit the third amended complaint to be filed.

The order sustaining the demurrer to the second amended complaint, *without leave to amend* is reversed. The judgment that plaintiff take nothing by this action, and the order refusing to permit him to file his third amended complaint are reversed. The court is directed to grant plaintiff permission to file the proposed third amended complaint.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied January 18, 1950, and respondent's petition for a hearing by the Supreme Court was denied February 16, 1950. Traynor, J., voted for a hearing.