[Civ. No. 8502.   Third Dist.   Mar. 7, 1955.]

LOTUS SINGLETON et al., Appellants, v. MARY ANNE CATHERINE BONNESEN, as Administratrix, etc., et al., Defendants; COUNTY OF GLENN et al., Respondents.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein, and Goldstein, Barceloux & Goldstein for Appellants.

Clyde H. Larimer, District Attorney, Larimer & Frost, Charles C. Dawson, Jr., and Rich, Carlin & Fuidge for Respondents.

FINLEY, J. pro tem.*—This is an appeal by plaintiffs from a judgment in favor of defendants County of Glenn, a political subdivision of the State of California, and Lyle Sale, individually and as an employee of the County of Glenn. Judgment was entered by the trial court after the demurrer by these defendants to plaintiffs' second amended complaint had been sustained and plaintiffs failed to amend.

Plaintiffs are the surviving heirs and dependents of Hal A. Singleton, deceased, who was sheriff of Glenn County and who met his death in an automobile collision while riding in a county owned automobile driven at the time by defendant Lyle Sale, a deputy sheriff under Singleton.

The first amended complaint contains three causes of action, one on behalf of each plaintiff. In each cause of action it is alleged that Hal A. Singleton was the sheriff of Glenn County and that he was riding as a passenger in an automobile owned by Glenn County which was being negligently driven and operated by Lyle Sale, undersheriff of Glenn County; that as a result of said negligence there was a collision causing the death of Hal A. Singleton, and that at the time thereof, "Hal Singleton and Lyle Sale were both acting within the scope of their employment as employees, servants, agents, and representatives of the county of Glenn, state of California." There is no mention made in the complaint

---

*Assigned by Chairman of Judicial Council.

of Workmen's Compensation insurance or the State Employees' Retirement System.

Respondents' demurrer so far as we are concerned with it here is on the general ground that the complaint does not state facts sufficient to constitute a cause of action against the demurring defendants Lyle Sale and Glenn County.

The trial court sustained this demurrer on the ground that an action based upon the negligence of the decedent's co-employee, the respondent Sale, would not lie against either him or their common employer, respondent Glenn County, since appellants' exclusive remedy, if any, was under the Workmen's Compensation Act.

■ Under the provisions of section 3351b of the Labor Code Hal Singleton as sheriff of Glenn County was an "employee" of said county. ■ Also a deputy appointed by a sheriff is an employee of the county. (*County of Monterey* v. *Industrial Acc. Com.*, 199 Cal. 221 [248 P. 912, 47 A.L.R. 359].) Since Singleton and Sale were both employees of Glenn County, a common employer, it necessarily follows that they were coemployees. ■ As coemployees we know of no rule prohibiting a suit by one against the other for damages on account of negligence, even though their common employer may be protected from such a suit by provisions of the Workmen's Compensation Act. Section 1981 of the Government Code does not exclude such actions and in *Ward* v. *Jones*, 39 Cal.2d 756 [249 P.2d 246], wherein the dependents of a deceased employee of the City of Los Angeles brought an action against their decedent's coemployees alleging that their negligence was the cause of his death, a judgment of dismissal by the trial court was affirmed upon the sole ground that claims had not been filed pursuant to the provisions of Government Code, section 1981. No suggestion was made that the action was not otherwise proper. See also *Wallace* v. *Pacific Elec. Ry. Co.*, 105 Cal.App. 664 [288 P. 834] ; *Baugh* v. *Rogers*, 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043] ; and *Thompson* v. *Lacey*, 42 Cal.2d 443 [267 P.2d 1].

■ Going further, the relationship of respondent Sale to the decedent Hal A. Singleton was that of a "person other than" his employer, within the purview of section 3852 of the Labor Code which sanctions an action for damages for injury or death against "any person other than the employer." See note on page 445 of *Thompson* v. *Lacey, supra*, 42 Cal.2d 443. The fact that Singleton was Sale's

superior officer would not constitute a defense. In *Baugh* v. *Rogers, supra,* 24 Cal.2d 200, at page 214, we find this language: "The employee's right to recover against a third person is not affected by the fact that the 'person other than the employer' is not a stranger but has entered into a consensual legal relationship with the employer. (*Wallace* v. *Pacific Electric Ry. Co.* (1930), 105 Cal.App. 664, 668 [288 P. 834]; *Merino* v. *Pacific Coast Borax Co.* (1932), 124 Cal.App. 336, 338, 341 [12 P.2d 458].)"

▮ Here appellants' right to recovery would only be barred by proof of actual personal negligence upon the part of decedent. The personal negligence, if any, of respondent Sale would not be imputed to Hal Singleton. As the rule is stated in *Ledgerwood* v. *Ledgerwood,* 114 Cal.App. 538, at pages 542-543 [300 P. 144]: " 'To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person.' . . . 'The controlling principle is simply that, be it a case of . . . coservants . . . or participants of any character in a common or joint enterprise, no person may negligently injure another without being responsible for damages.' " See also *Roberts* v. *Craig,* 124 Cal.App.2d 202 [268 P.2d 500].

It must be held, therefore, that the trial court erred in holding that an action would not lie against respondent Sale. However, that court correctly ruled that this action could not be maintained against respondent Glenn County under the doctrine of *respondeat superior* without the necessary allegations in its complaint to negative application of the Workmen's Compensation Act. In *Butler* v. *Wyman,* 128 Cal.App. 736, 739 [18 P.2d 354], the rule applicable to pleading the act is stated as follows: "It is a general rule that a plaintiff need not negative the fact that he is within the act, this being an affirmative defense. [Citing cases.] Nevertheless the allegation that Wyman directed plaintiff to get upon the truck for the purpose stated inferentially supports the conclusion that the latter was an employee, and, if so, the allegations of what subsequently occurred were reasonably sufficient to bring him within the provisions of the act; and it has been held that if the complaint shows the case to be one covered by the act, then the pleading must show facts bringing the plaintiff within the exceptions

thereto (*Michel* v. *American Cinema Corp.*, (Sup.) 182 N.Y. Supp. 588).'' See also *Jackson* v. *Pacific Gas & Elec. Co.*, 95 Cal.App.2d 204, 207 [212 P.2d 591], and *Wessell* v. *Barrett*, 62 Cal.App.2d 374 [144 P.2d 656].

In their complaint herein appellants affirmatively allege that the deceased was fatally injured while acting within the course and scope of his employment with respondent Glenn County. This allegation indicates a situation falling squarely within the field designed to be encompassed by the Workmen's Compensation Act. ■ Since under the provisions of the act and within the field of its application it is made a penal offense not to comply with its requirements, it cannot be inferred, where a complaint is silent on the subject, that one complained against has violated the law. The presumption of innocence is elementary. (*Wessell* v. *Barrett, supra.*) ■ Furthermore, nothing can be taken by implication against the sovereign. (*Patton* v. *City of Los Angeles*, 169 Cal. 521, 532 [147 P. 141].) Therefore, since the complaint herein contains no allegation which would negative application of the statute, appellants have failed to state a cause of action against Glenn County.

Under such alleged facts, the recovery of said compensation was the exclusive remedy available to appellants (Lab. Code, § 3601), unless the respondent county had failed to secure the payment of such compensation. (Lab. Code, § 3706.) If such were the fact and appellants intended to rely upon any such statutory exception it should have been pleaded in the complaint. ■ Having failed to do so they cannot complain that the trial court applied the general rule that an employee or his surviving dependents cannot maintain a tort action against his employer for death or injury occurring within the course and scope of his employment without pleading facts to negative application of the act. (*Wessell* v. *Barrett, supra*, 62 Cal.App.2d 374, 377.)

The judgment is reversed as to respondent Sale, and affirmed as to respondent Glenn County.

Van Dyke, P. J., and Peek, J., concurred.