Patricia VAN SICKEL, and Michael John Van Sickel, Patricia Ann Van Sickel, minors, by Patricia Van Sickel, their Guardian Ad Litem, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 2273.

United States District Court
S. D. California, S. D.

Dec. 30, 1959.

Harry I. Sky, Andreasen, Thompson & Gore, Oceanside, Cal., and Grace M. Wallis, Oakland, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., by Clarke A. Knicely, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WEINBERGER, District Judge.

This action is brought by the widow and children of Acting Sergeant Donald Francis Van Sickel, U. S. Marine Corps, deceased, and damages are claimed under

the Tort Claims Act for the death of Sgt. Van Sickel. It is alleged that the death occurred as a result of the negligent treatment he received from government doctors while he was a patient in the U. S. Navy Hospital at Camp Pendleton, California. That when he entered the hospital he was in active service of the United States.

The Government has moved to dismiss the Amended Complaint on the ground (1) that the complaint fails to state a claim against the defendant upon which relief can be granted, and (2) that the Court lacks jurisdiction of the subject matter because the claim is not one included within the provisions of the Federal Tort Claims Act. Defendant cites Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 as its chief authority.

■ Plaintiffs in their briefs state that they were aware of the Feres case and its portent before the action was instituted, and that it is their desire to obtain a review by the Supreme Court of matters leading up to the decision in such case. Plaintiffs do not admit, however, that their action falls within the objections set forth by defendant. Their theory is that this action is an original one brought in California where the plaintiffs reside and where the death occurred and that their cause of action is given them under California's Wrongful Death Statute, Section 377 of the California Code of Civil Procedure; that an action under such section is not a continuation or revival of a cause of action subsisting in decedent before his death but is founded upon injury causing death as it affects the heirs and personal representatives and is entirely distinct from that vested in the injured person before death. We agree that Section 377 of the California Code of Civil Procedure is thus correctly interpreted. Blackwell v. American Film Co., Inc., 189 Cal. 689, 209 P. 999; Pacific Employers Insurance Co. v. Hartford, etc., 143 Cal.App.2d 646, 299 P.2d 928, 930.

■ Plaintiffs argue that in the Feres and other Supreme Court cases cited by the Government as dealing with the Tort Claims Act, the Court was not confronted by any action brought entirely independent of the serviceman's estate, that the Supreme Court opinions dealt with suits brought by executors, administrators or representatives of the serviceman's estate and by and through or under such rights. They claim that the decision in the Feres case affords no obstacle to their cause of action here.

It is conceded by both parties that if this Court has jurisdiction of a cause of action such as this, it must be that given under the Tort Claims Act.

Section 1346(b) of Title 28 U.S.C.A. provides in part:

"* * * the district courts * * * shall have exclusive jurisdiction of civil actions * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred * * *"

and

Section 2674, Title 28 U.S.C.A.:

"The United States shall be liable, respecting the provisions of this title relating to tort claims in the same manner and to the same extent as a private individual under like circumstances * * *"

As was stated by Chief Judge Bratton of the Tenth Circuit, in Powell v. United States, 233 F.2d 851, 854:

"Standing alone, the statute waived in sweeping language the immunity of the Government to suits for damages for death, personal injury, or injury to property, resulting from negligence on the part of an agent or employee of the Government while acting within the scope of his employment, if under

similar circumstances a private individual would be liable under the law of the place where the act or omission occurred · * * * "

Also as pointed out by Judge Bratton in the case just cited,

"It was within the range of power and discretion of Congress to limit, restrict, or attach conditions to the waiver of immunity of the United States against suits under the Tort Claims Act, or to exclude from the waiver suits upon claims of a certain kind."

Section 2680, Title 28 U.S.C.A. sets forth twelve exceptions to the generality of the waiver of immunity in Section 2674, and none of these twelve categories exclude the plaintiffs' claim as stated in their complaint.

Were this case before us prior to the Feres decision we might have spent much time trying to fit the parties to this action into the usual civilian hospital, doctor and patient relationship. We could have reasoned that the hospital employed the doctor who treated the patient. Then we would have remembered that the patient was also an employee of the owner of the hospital, and a fellow employee of the hospital attendants and of the doctor. We would then have inquired: Did the employer carry California Workman's Compensation? If so, it would appear that the wife and children of the employee allegedly injured by the negligence of fellow employees would be relegated to the relief offered under the California Workman's Compensation Laws. (Section 3601, California Labor Code; Singleton v. Bonnesen, 131 Cal.App.2d 327, 280 P.2d 481, 482; Treat v. Los Angeles Gas & Electric Corp., 82 Cal.App. 610, 256 P. 447; Williams v. Minnesota Mining & Manufacturing Co., D.C.Cal., 14 F.R.D. 1, 9, 10. And, to complete the analogy, we might have reasoned that the compensation provided by Congress for the injury or death of the serviceman bears the same relation to him and his dependents as does the California Workman's Compensation Act to the employee and his dependents. That we would not be far afield in this analogy is borne out by the language used by our own Circuit Court, speaking through Circuit Judge Hamlin, in United States v. Forfari, 9 Cir., 1959, 268 F.2d 29, 33,

"The states have enacted their workmen's compensation schemes and made the remedies provided therein exclusive for industrial accidents. The federal statutory scheme, though providing various remedies for its various classifications of employees, is of the same import. Thus, Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 158, 95 L.Ed. 152, in holding the government was not liable under the Tort Claims Act for injuries to military personnel sustained while on active duty, said: 'This Court, in deciding claims for wrongs incident to service under the Tort Claims Act, cannot escape attributing some bearing upon it to enactments by Congress which provide systems of simple, certain, and uniform compensation for injuries or death of those in the armed services.' "

Fortunately, it is not necessary for us to labor analogies to fit the United States into the category of a private employer from whom the wife and children may obtain damages for the employee's death. The statute does not stand alone, and its sweeping language has been interpreted. It is only necessary for this lower Court to construe the Feres case to decide that the plaintiffs cannot state a cause of action under the Tort Claims Act.

We draw particular attention to the language of the Feres case (340 U.S. 135 at page 146, 71 S.Ct. 153, at page 159, 95 L.Ed. 152) in the last paragraph of the opinion.

"We conclude that the Government *is not liable* under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out

of or are in the course of activity incident to service. * * *" (Emphasis supplied.)

And, we pay particular attention to the words "is not liable."

We think it is significant that the Supreme Court chose to speak in terms of *liability* of the government, not in terms of remedies or rights of action, and not in terms of persons bringing the action. We think it is also significant that most of the reported cases citing the Feres opinion view it as holding the Government *"is not liable."*

Following are some brief excerpts from reported opinions referring to the Feres case:

Indian Towing Co. v. United States, 350 U.S. 61, 69, 76 S.Ct. 122, 126, 100 L.Ed. 48:

> "* * * Feres held only that 'the Government *is not liable* under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service * * *" (Emphasis supplied.)

United States v. Brown, 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139:

> "The Feres decision did not disapprove of the Brooks case [Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200]. It merely distinguished it, holding that the Tort Claims Act *does not cover* 'injuries to servicemen where the injuries arise out of or are in the course of activity incident to service'" (Emphasis supplied.)

United States v. Forfari, 9 Cir., 268 F.2d 29, 33, 34:

> "* * * Thus, Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 158, 95 L.Ed. 152 in holding that the government *was not liable* under the Tort Claims Act for injuries to military personnel sustained while on active duty * * *" (Emphasis supplied.)

Knecht v. United States, 3 Cir., 242 F.2d 929, 930:

> "* * * The accident which the plaintiff's decedent suffered did not arise out of or in the course of activity incident to his service. There can be recovery, therefore, if established in accordance with the law of the place where the liability-creating conduct occurred * * *"

Buer v. United States, 7 Cir., 241 F.2d 3, 6, quoting from the Feres case:

> "'We conclude that the government *is not liable* under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.'" (Emphasis supplied.)

United States v. United Services Automobile Association, 8 Cir., 238 F.2d 364, 366:

> "The Supreme Court in Feres squarely held that the United States *is not liable* under the Federal Tort Claims Act for personal injuries * * *" (Emphasis supplied.)

In the case of Archer v. United States, 9 Cir., 217 F.2d 548, 552, the Court stated that a cadet being transported in a United States Army Plane operated by an employee of the United States has no valid claim against the Government for an accident causing him damage and further: "nor has *anyone* such a claim for his death". (Emphasis supplied.)

In Zoula v. United States, 217 F.2d 81, at page 84, Chief Judge Hutcheson of the Fifth Circuit quoted the paragraph referred to above from the Feres case: "The government *is not liable* * * *" (Emphasis supplied.)

In the same case, in the concurring opinion Circuit Judge Russell said:

> "Under the authority of the Feres case, recovery for injuries sustained incident to the military service *is not authorized* under the Federal Tort Claims Act." (Emphasis supplied.)

In O'Neil v. United States, 92 U.S. App.D.C. 96, 202 F.2d 366, 367, the Circuit Court of the District of Columbia,

speaking through Circuit Judge Edgerton, stated:

"The Court ruled in Feres that 'the Government *is not liable* * * *'" (Emphasis supplied.)

Judge Dobie of the 4th Circuit, in Somerset Seafood Company v. United States, 193 F.2d 631, 634 said:

"There is nothing in the celebrated case of Feres-Jefferson-Griggs v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, which militates against our conclusion * * * All that case really decided was 'the Government *is not liable* under the Federal Tort Claims Act * * *'" (Emphasis supplied.)

And in O'Brien v. United States, 8 Cir., 192 F.2d 948, 950, Circuit Judge Collett cited the Feres case and quoted the paragraph we have referred to containing the words: "the Government *is not liable* * * *" (Emphasis supplied.)

Among the District Court cases construing the Feres case, we find interesting the language of District Judge Delehant in Fulmer v. United States, D.C.Neb., 133 F.Supp. 775, 786:

"Feres v. United States * * * *absolved* the United States from liability under Federal Tort Claims Act for injuries to members of the armed forces sustained while on active duty and not on furlough, resulting from negligence of others in the armed forces." (Emphasis supplied.)

We observe that it has now been nine years since the Supreme Court decided the Feres case, and we subscribe to the observation made by District Judge George H. Boldt, speaking for the Court of Appeals of the 9th Circuit in Preferred Insurance Company v. United States, 222 F.2d 942, 945, certiorari denied 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747:

"The decision was unanimous and in the more than four years since it was rendered Congress has not amended the Tort Claims Act. Accordingly, the opinion must be accepted as dispelling any doubt as to Congressional intent in the adoption of the Act * * *"

We rest our decision on the Feres case and conclude that plaintiffs' action should be dismissed.