[Civ. No. 12616.  Second Dist., Div. One.  Oct. 17, 1941.]

NATHAN LEFF, Appellant, v. WILLIAM KNEWBOW, Respondent.

Sidney Snyder and Leonard Comegys for Appellant.

Thomas W. Cochran for Respondent.

ARCHBALD, ·J. *pro tem.*—This is an appeal by plaintiff, Nathan Leff, from a judgment for the defendant, William Knewbow, in an action brought by plaintiff to renew a judgment in the sum of $10,000 in his favor against said defendant William Knewbow, dated June 14, 1934.

Such prior judgment was rendered in an action brought by plaintiff against said defendant William Knewbow and two other defendants, based on the alleged fraudulent representations of said three defendants jointly in obtaining from plaintiff the sum of $50,000. Trial was had on the issues raised in such former action and it resulted in judgment that said two other defendants, Glen Behymer and S. Victor Cohen, were not guilty of any fraud, but that said defendant Knewbow had made certain fraudulent representations by which plaintiff was damaged in the sum of $10,000. Such action was No. 312,252 of the files of the Superior Court of

Los Angeles County. Plaintiff appealed the judgment in such action against defendant Knewbow insofar as said judgment failed to give him a recovery of $50,000, and he appealed the judgment against him and in favor of the defendants Behymer and Cohen as to each and every part of such judgment. Written stipulations were thereafter filed by said parties from time to time, extending the time for plaintiff to prepare, serve and file his proposed bill of exceptions; the last stipulation extended such time to July 1, 1935. Prior to May 11, 1935, plaintiff Leff had obtained a judgment in the sum of approximately $10,000 in another action against said defendant Behymer on a contract of guaranty, which judgment was appealed by such defendant Behymer and said appeal was pending on May 11, 1935, said action being No. 310,652 of the files of the Superior Court of Los Angeles County.

Plaintiff Leff also had pending on said date and prior thereto, an action against said defendant Behymer on a *contract of guaranty* alleged to have been given plaintiff by such defendant for the sum of $50,000, being the same $50,000 described in said fraud action, said action being No. 378,715 of the files of the Superior Court of Los Angeles County.

Prior to said May 11, 1935, plaintiff and said defendant Behymer against whom the judgment of $10,000 and the action based on the contract of guaranty of $50,000 were pending, had been negotiating a possible settlement of their differences and finally reached an agreement, on or about said May 11, 1935, as a result of which the defendant Behymer in said two contract actions paid to plaintiff the sum of $7,500, and plaintiff, through his attorneys, concurrently with the execution of a release, executed and delivered to such defendant Behymer a dismissal with prejudice of the action based on the alleged guaranty of said $50,000, and a satisfaction of said judgment of $10,000, and a request for the dismissal of the appeal of said fraud action so far as such defendant Behymer was concerned. ·

Defendant Knewbow pleaded such release and such payment and dismissals in his answer filed in the present case as a satisfaction and discharge of the obligation of the judgment sued upon.

The release so given is in words and figures as follows:

## "RELEASE

"In consideration of the payment by Glen Behymer, first party herein, to Nathan Leff, second party herein, of the sum of Seventy-five Hundred Dollars ($7,500.00), receipt of which is hereby acknowledged by second party:

"IT IS AGREED AS FOLLOWS:

"1. Second party concurrently herewith shall execute and deliver to first party herein full and complete satisfaction of judgment in that action in the Superior Court of Los Angeles County, State of California, entitled *Nathan Leff* v. *Glen Behymer, et al.*, being numbered 310652 which action is now pending on appeal in the District Court of Appeal, Second Appellate District, being numbered therein Civil 10048, and in this connection both parties agree that said appeal may be dismissed, and each party to pay their own costs therein.

"2. Second party shall execute and deliver to first party a dismissal with prejudice of that certain action now pending in the said Superior Court entitled *Nathan Leff* v. *Glen Behymer*, being numbered 378715, and in this connection first party waives any claims for costs.

"3. Second party hereby acknowledges, states and declares that he has no claim or claims of any kind or nature against first party, and that if any such claim or claims or demands, or causes of action exist of whatsoever kind or nature, they may be and the same are hereby waived, relinquished, satisfied and cancelled from the beginning of the world to this day.

"4. First party hereby acknowledges, states and declares that he has no claim or claims of any kind or nature against second party, and that if any such claim or claims or demands, or causes of action exist of whatsoever kind or nature, they may be and the same are hereby waived, relinquished, satisfied and cancelled from the beginning of the world to this day.

"5. Said parties mutually release each other from any claims or judgments for costs in the above mentioned, or any other actions.

"Dated: May 11, 1935.

"Glen Behymer

"First Party

"Nathan Leff

"Second Party."

The trial court found that said release was a general release of all claims of plaintiff as against such other defendant Behymer in the fraud case and that plaintiff's judgment was fully paid and satisfied as against defendant Knewbow and that defendant Knewbow was relieved of any further liability, and that said defendant was entitled to a judgment for his costs. It is from the judgment entered on such findings that plaintiff has appealed.

It is undoubtedly true, in view of the fact that plaintiff's appeal from his judgment against the defendant Knewbow was limited to error being shown on the appeal that would entitle him to more than $10,000, that it was for all practical purposes final as to such amount, but in our opinion the finality of such judgment is immaterial inasmuch as it is based on an alleged claim of joint tortious injury.

The judgment in favor of such other defendants was not final until the disposition of the appeal, and plaintiff Leff's claim against such two other defendants still existed at the time such settlement was made. The appeal was taken in an attempt to ultimately establish that claim. The settlement with the defendant Behymer and his release from every claim plaintiff had against such defendant Behymer is for the payment to him of said sum of $7,500. It is true that there were other considerations for said payment, but a payment to a plaintiff made by one tort-feasor, however large or small, in settlement of a joint claim against all operates to release all (*Chetwood* v. *California Natl. Bank,* 113 Cal. 414 [45 Pac. 704]), and his declaration in the release that he has no claims against such defendant Behymer is merely inconsistent with the finding of the trial court that such writing was a general release of the claims of plaintiff against such defendant Behymer in the fraud case.

This is an appeal on the judgment roll. We believe it was a question of fact for the trial court whether or not plaintiff intended to release defendant Behymer from plaintiff's claim against him in the fraud case. The release is certainly broad enough on its face, in view of what was done under it, to say that such defendant Behymer was in fact released from all claims of plaintiff against him in the fraud action. The trial court found as facts, "that the payment of the sum of $7,500.00 by Glen Behymer to plaintiff Nathan Leff was given and received in consideration of the satisfac-

tion" of the judgment in action No. 310,652, for dismissal with prejudice of action No. 378,715, "and for dismissal of plaintiff's appeal as to the said Glen Behymer in the fraud action No. 312,252, without the segregation or apportionment of any part of the said sum of $7,500.00 to any of said actions separately."

■ Appellant in his closing brief admits that there was a conflict in the evidence upon which the trial court based its findings that a part of the $7,500 so paid was consideration for the dismissal of the appeal. However, it was through such appeal that plaintiff intended eventually to get back into the trial court in the fraud action and so enforce his alleged joint claim, and when he gave such defendant Behymer the "Request for Dismissal of Appeal" in the fraud action as to such defendant, addressed to the court in which the appeal was pending, he thereby released whatever claim he had against defendant Behymer in such fraud case, and the effect thereof, in our opinion, was to satisfy such alleged joint claim and to release the defendant Knewbow from all liability thereon and from the judgment rendered against defendant Knewbow on such claim, and we must assume that he intended such result and that the trial court so inferred.

■ " . . . in the instant case, the appeal has been taken on the judgment roll alone, and it is the rule especially applicable to such an appeal, that 'findings of the trial court are to receive such a construction as will uphold rather than defeat its judgments thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made'." (*Goldberg* v. *List*, 11 Cal. (2d) 389, 394 [79 Pac. (2d) 1087, 116 A. L. R. 900], citing *Anglo-California Trust Co.* v. *Oakland Rys.*, 193 Cal. 451, 460 [225 Pac. 452].)

■ The release having been found to be supported by a consideration received in satisfaction of the alleged joint injury, it is immaterial whether or not the releasee was a guilty party, or even claimed to be, and since a person injured is entitled to but one satisfaction, the releaser is held to be estopped to deny the liability of the party expressly relieved, from whom satisfaction was received, and likewise, if a claim has been made on which there is a possible liability, even if the person released was not in fact responsible. (See *Hawber* v. *Raley*, 92 Cal. App. 701, 705 [268 Pac. 943]; also, *Tomp-*

*kins* v. *Clay Street R. R. Co.,* 66 Cal. 163, 167 [4 Pac. (2d) 1165].)

On this appeal we are limited to the question of whether or not the findings made support the judgment and whether or not reversible error appears on the face of the record, and the burden is upon appellant to show that error exists (*Platner* v. *Vincent,* 194 Cal. 436 [229 Pac. 24]), and in our opinion such showing has not been made.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.