[Civ. No. 15566.   First Dist., Div. One.   Dec. 9, 1953.]

JACK D. GERALD, Appellant, v. SAN FRANCISCO UNIFIED SCHOOL DISTRICT (a Corporation) et al., Respondents.

Mancuso, Herron & Winn and John Wynne Herron for Appellant.

Dion R. Holm, City Attorney, and Edward F. Dullea, Deputy City Attorney, for Respondents.

WOOD (Fred B.), J.—The sole question upon this appeal is the legal effect of plaintiff's release of the defendant in another action. Did it operate to release the defendants herein despite the express reservation of certain of plaintiff's claims against them?

Plaintiff, a student at City College of San Francisco, brought this action for damages against the district and the board of education which operate the college, and against Roy Walker as agent and employee of the district and the board.[1]

He alleges that he was injured when a car in which he was riding, driven by a fellow student who had fallen asleep, crashed into a certain bridge on their return from a college fraternity initiation held at Rio Nido; that the initiation proceedings required plaintiff and the driver of the car, as pledgees, to go without sleep for a period of several days; that the district and the board had knowledge of, authorized, and conducted such proceedings, and negligently permitted the fellow student to drive in an extremely exhausted, sleepy and dangerous condition, and negligently permitted plaintiff to ride in a car operated by a person in such a condition.

These defendants answered, setting up several defenses. As their third defense, they allege that, in a separate action against the driver of the car, Donald Forsyth, plaintiff for a valuable consideration released and discharged Forsyth "from any and all claims arising out of the injuries alleged in the complaint to have been received by plaintiff."[2]

---

[1] Beta Phi Beta Fraternity, a corporation, is also a defendant but is not involved upon this appeal.

[2] The action against Forsyth was predicated upon his alleged willful misconduct as driver of the car, in violation of his obligation toward plaintiff as a guest rider. The court in approving the compromise of plaintiff's claim against Forsyth (plaintiff was a minor) ordered plain-

The instant case was tried solely upon the issue presented by the third defense, the asserted release of a joint tort feasor; the trial, if any, of other issues, to await the determination of this plea in bar, as provided in section 597 of the Code of Civil Procedure.

The entire file in the other action (including the release and discharge of Forsyth) was put in evidence by the defendants. Plaintiff then read to the jury that portion of the complaint in the other action which alleged the serious character of plaintiff's injuries (a severe cerebral contusion, laceration of his frontal lobes, multiple depressed compound fractures of his facial and frontal bones, great pain and mental anguish, extreme and permanent disfiguration of his face and head)[3] and that portion of the release of Forsyth which in terms excepted therefrom the district, the board and the fraternity as to "any claim or cause of action the undersigned [plaintiff herein] may have against any of them arising out of their negligent supervision and control of the Beta Phi Beta Fraternity initiation proceedings. . . ."

Plaintiff's counsel then asked him, "Mr. Gerald, when you received the money from Mr. Forsyth that was paid to you, can you tell us whether or not you received that in full satisfaction for all your injuries or whether you received that in partial satisfaction for your injuries?" Defendants' objection to this question was sustained upon the ground, as stated at the time, that it called for plaintiff's conclusion and that the agreement of release was in evidence.

The court directed a verdict for the defendants. From the judgment entered thereon, plaintiff has appealed.

*Can we say, from the pleadings and the facts in evidence, that the release of Forsyth operated as a release of these defendants? No.*

They were not joint tort feasors as described in the complaints and it does not appear as a matter of law that there has been full compensation for all of plaintiff's injuries.

tiff's attorney to dismiss that action with prejudice, but expressly declared that any claims or causes of action in favor of plaintiff and against the district, the board, or the fraternity "arising out of the claimed negligent supervision and control of the Beta Phi Beta initiation proceedings are not released and are not compromised or settled at this time." The defendants herein were not parties to that action.

[3]Defendants stipulated, without prejudice to their theory of the case, that, for the purpose of this hearing, the injuries thus described constitute the injuries to the plaintiff and it would not be necessary to call the doctor to testify concerning the nature and extent of the injuries.

■ Plaintiff's claims against Forsyth and the defendants herein weré predicated upon the violation of distinct and separate duties owed by them respectively: Forsyth, the duty which as the driver of the car he owed plaintiff as his guest rider; these defendants, the duties which plaintiff claims they owed, as the authorities in charge of the school, to supervise school activities for the safety of the students including plaintiff. Nor do the complaints indicate concert of action, unity of purpose or design, and a common purpose upon the part of Forsyth and these defendants. In such a case their acts do not create a joint liability. They give rise to separate and independent causes of action. Therefore, the release of Forsyth did not release the others unless full compesation was made for plaintiff's injuries. (See *Ash* v. *Mortensen,* 24 Cal.2d 654, 657-660 [150 P.2d 876], injuries caused by negligent operation of a motor vehicle, aggravated by negligent medical treatment; *Alexander* v. *Hammarberg,* 103 Cal.App.2d 872, 879-882 [230 P.2d 399], damages for a contractor's breach of a building contract and for negligence of the architect in supervising the work; Prosser, *Joint Torts and Several Liability,* 25 Cal.L.Rev., 413-425; Prosser on Torts, pp. 1107-1111.)

■ The question whether plaintiff received full compensation for his injuries is one of fact, as presented by the record before us. The Forsyth release recites payment of $17,000 to plaintiff. His injuries were serious, some of them permanent. He was claiming $24,000 damages in that action, filed within four weeks of the accident; $200,000 in this action, filed 11 months after the accident. It was error to withdraw that issue from the jury.

The judgment must be reversed for further proceedings not inconsistent with the views herein expressed. Nothing herein said is determinative of any issues other than those presented by the third defense; e.g., the legal sufficiency of the complaint or of other defenses tendered by the defendants is not involved upon this appeal.

The judgment appealed from is reversed.

Peters, P. J., and Bray, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 3, 1954. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.