[Civ. No. 20948.   First Dist., Div. Two.   Aug. 17, 1964.]

PHILIP KARP et al., Plaintiffs and Appellants, v. BEA-TRICE DUNN, Individually and as Administratrix With the Will Annexed, etc., et al., Defendants and Respondents.

Molinari, Casalnuovo & Berger and Joseph L. Casalnuovo for Plaintiffs and Appellants.

William Steinberg, in pro. per., and Barbagelata, Zief & Carmazzi for Defendants and Respondents.

AGEE, J.—Plaintiffs appeal from judgments which were entered in favor of those four defendants who are the respondents herein, upon the sustaining of their general and special demurrers to the third amended complaint without leave to amend.

Appellants concede that the special demurrers are good and their present counsel asks leave to amend. Respondents clarify their position by stating that we "need only consider if the third verified amended complaint states a cause of action." In other words, respondents do not contend that mere defects of form would *at this time* justify the lower court's refusal to allow appellants another opportunity to amend their pleadings. Respondents concede that, in the instant case, "To sustain a special demurrer without leave to amend, when the complaint can be amended to state a good cause of action, is an abuse of discretion." (See *Guilliams* v. *Hollywood Hospital,* 18 Cal.2d 97, 104 [114 P.2d 1].)

Appellants contend, and we agree, that the third amended complaint does state a cause of action and that the judgments must therefore be reversed.

In view of this determination, it is unnecessary to discuss the failure of the lower court to state the basis of its ruling on the demurrers, as required by section 472d of the Code of Civil Procedure.

Common to each of the four counts in the third amended complaint are the allegations that defendants agreed to sell certain real property to plaintiff Karp pursuant to three written agreements referred to and incorporated therein as Exhibits "A," "B" and "C"; that Karp assigned his interest in said agreements to plaintiff LeSand Properties, Inc.; that the property involved is located in the area known as Buena Vista Heights; that each of the defendants acted as the agent for each of the other defendants and in concert with them.

*Count One* alleges that defendants wilfully, falsely and fraudulently represented to plaintiffs that they were the sole owners of a tract of approximately 35 to 45 acres in said area and thereby induced plaintiffs to enter into said agreements; that in said agreements defendants were required to do certain off-site construction work, including electrical work, street work and all other work preliminary to the anticipated construction work to be done by plaintiffs; that defendants wilfully, falsely and fraudulently represented to plaintiffs that they had on deposit with Colonial Savings and Loan Association sufficient funds to pay for the completion of said off-site construction work and that they would immediately begin the installation thereof and would pay for the same at the close of the escrow; that in reliance on said misrepresentations plaintiffs agreed to purchase lots 1 through 9 and lots 20 through 25 and began construction of certain structures on said lots; that defendants failed to install said off-site improvements and plaintiffs were unable to complete the construction of said structures in accordance with their schedule and were compelled to expend additional sums to complete said structures, to their damage in the sum of approximately $24,500.

*Count Two* alleges that defendants wilfully, falsely and fraudulently represented to plaintiffs that they were the owners of and would sell to plaintiff, in addition to the 15 lots referred to in Count One, lots 10 through 19 and lots 26 through 58 at $6,950 per lot; that in reliance on said misrepresentations plaintiffs were thereby induced to enter into an agreement (Exhibit "C") to purchase said lots for said amount and begin certain construction work; that defendants

had no intention of complying with said agreement; that plaintiffs have thereby been damaged in the sum of $258,000.

*Count Three* alleges that plaintiffs and defendants entered into the written agreement marked Exhibit "C" on or about May 2, 1960; that plaintiffs have carried out all of their obligations under said agreement; that defendants have failed to pay sums due and owing under the provisions of the agreement; that by reason thereof defendants are indebted to plaintiffs in the amount of $4,827.90, plus interest at 7 per cent from June 20, 1960.

*Count Four* alleges that for the purpose of inducing plaintiffs to purchase the 58 lots referred to in Counts One and Two, defendants wilfully, falsely and fraudulently represented to plaintiffs that they would give to plaintiffs the first right of refusal to purchase, or the right to participate in the development on a joint venture basis with defendants, the additional remaining acreage in said tract; that in reliance on said misrepresentations plaintiffs agreed to purchase said 58 lots and to undertake immediate construction on the 15 lots referred to in Count One; that defendants had no intention of granting and they did not grant to plaintiffs the first right of refusal to purchase said remaining acreage or to participate in the development of said property on a joint venture basis; that by reason thereof plaintiffs were damaged in the sum of $600,000.

Section 1572 of the Civil Code provides that "The suggestion, as a fact, of that which is not true, by one who does not believe it to be true" or "A promise made without any intention of performing it," when "committed by a party to the contract . . . with intent to deceive another party thereto, or to induce him to enter into the contract" constitutes actual fraud.

Section 1709 of the Civil Code provides that "One who wilfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

Section 1710 of the Civil Code provides that a deceit may be either "The suggestion, as a fact, of that which is not true, by one who does not believe it to be true" or "A promise, made without any intention of performing it."

Counts One, Two and Four allege the elements necessary to state a cause of action in fraud and deceit. (2 Witkin, Cal. Procedure, Pleading, p. 1326.) Count Three alleges a cause of action for money due under a written contract, by the terms

of which defendants were required to pay for certain off-site improvements. Respondents did not even direct a general demurrer to this count. In our opinion each of the four counts is good as against a general demurrer.

Respondents make the final contention that "Where the facts of the third verified amended complaint are inconsistent with the facts of prior verified pleadings, the third verified amended complaint does not state facts sufficient to constitute a cause of action." The inconsistency claimed relates to the ownership of the subject property.

In *Lamoreux* v. *San Diego etc. Ry. Co.*, 48 Cal.2d 617, 623 [311 P.2d 1], the Supreme Court said: "Where a verified complaint contains allegations *destructive* of a cause of action, the defect cannot be cured in subsequently filed pleadings by simply omitting such allegations without explanation." (Italics added.) (See also: *Arthur* v. *Oceanside-Carlsbad Junior College Dist.*, 216 Cal.App.2d 656, 665 [31 Cal.Rptr. 177]; *Lee* v. *Hensley*, 103 Cal.App.2d 697, 708-709 [230 P.2d 159].)

Appellants acknowledge the above principle but deny its applicability to the pleadings involved herein. We agree. Respondents have failed to show that any prior allegations of *fact* are "destructive" of any of the causes of action alleged in the third amended complaint.

The original complaint alleges that defendant California Pacific Title Company is the record holder of the legal title but that appellants are *informed* and *believe* that defendants Charles J. DeMicheli and his wife "are the actual legal owners of the property."

The amended complaint alleges that DeMicheli and his wife "are the Subdividers" of the property but "That the title to the real property referred to in this complaint was held in a holding agreement, the terms of which are unknown to plaintiffs, by the CALIFORNIA PACIFIC TITLE Co.; that said holding agreement was between the CALIFORNIA PACIFIC TITLE Co. and the other defendants and each of them."

An amendment to the amended complaint alleges that "defendants and each of them were acting as the agent of each of the other defendants and in concert with each of the other defendants."

Respondents' argument may be summarized as follows: that in prior verified pleadings, appellants alleged that ownership of the property was in defendants or some of them and that the four defendants who are the respondents herein were acting for all defendants in the execution of the agree-

ments referred to as Exhibits "A," "B" and "C"; that the present pleading omits any allegation as to who actually owned the property and depends for a recovery upon the premise that none of the defendants owned it and that appellants were induced to enter into the agreements by false representations made by respondents with respect thereto.

It is evident, however, that the fact of ownership was one peculiarly within the knowledge of respondents and that appellants were not asserting any actual knowledge thereof. Respondents knew whether they were the owners and whether, if not, they had authority to act for the owners. They could not have been misled by any of the allegations made by appellants with respect to this fact.

The principle contended for by respondents is an exception to the general rule of pleading that prior complaints are superseded by subsequent ones. Only where an extreme situation is presented should the exception be applied.

*Lee* v. *Hensley, supra,* presented such a situation and the sustaining of the demurrer to a second amended complaint without leave to amend was approved, the court stating: "In effect, plaintiff, in his first complaint, made allegations that were sufficient to show that plaintiff had knowledge of sufficient facts prior to 1947 which would bar a recovery under the statute of limitations. The demurrer to the first complaint was sustained on that ground. To avoid these previous allegations, which would bar a recovery, plaintiff, by the second amended complaint, reverses his position, omits many of the facts and dates set out in his first verified complaint which would preclude a recovery, and alleges that he had no knowledge of the surrounding facts until 1947.

"The rule is that a defect in a verified complaint, by reason of an allegation which renders it vulnerable, cannot be cured simply by omitting the allegation without explanation in a later pleading. [Citations.] Facts once alleged cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. Accordingly, the court was fully justified in examining and considering the original complaint. [Citation.]"

The record indicates that respondents did not even raise this point in the court below and, as we have previously noted, that court did not state the basis of its ruling upon the demurrers. (Code Civ. Proc., § 472d.) We have concluded that appellants' previous pleadings do not require us to apply the exception. Furthermore, we do not think

that such pleadings are "destructive" of the causes of action alleged in the present pleading.

The judgments are reversed, with instructions to the trial court to set aside that part of its orders denying leave to amend the third amended complaint and, upon so doing, to grant leave to appellants to file an amended complaint within a reasonable time.

Shoemaker, P. J., and Taylor, J., concurred.