Lois MUNSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

D. James MUNSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. C63–32, C63–33.

United States District Court
N. D. Ohio, W. D.

March 8, 1966.

Markwood & Bauman, Toledo, Ohio, Spangenberg, Hasenflue & Shibley, Cleveland, Ohio, for plaintiffs.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, for defendant.

### YOUNG, District Judge:

Defendant has moved for summary judgment on the ground that these actions are barred by reason of a covenant executed by plaintiffs in favor of defendant's employee.

The pertinent facts are not in dispute. Defendant's employee, Venneth L. Beard, a Secret Service agent, was involved in an automobile collision on April 3, 1961 while acting within the scope of his employment. Plaintiff Lois Munson brought suit in the Common Pleas Court of Lucas County against Beard individually. The date of commencement of said suit does not appear in the record. On March 13, 1963 plaintiffs filed actions in this Court against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which actions were consolidated for trial by order of February 1, 1966 and are both the subject of the summary judgment motion.

On December 7, 1964 the plaintiffs executed a covenant not to sue, receiving $10,000 from the employee's insurance company, the full limit of his policy, and dismissing the Common Pleas Court action. The covenant reads as follows:

"LOIS J. MUNSON and D. JAMES MUNSON, wife and husband respectively, do hereby acknowledge the receipt of TEN THOUSAND DOLLARS ($10,000.00) paid by his insurer on behalf of VENNETH L. BEARD, and in consideration thereof, on the *7th* day of *December*, *1964*, they do each of them covenant and agree to cease and desist from continuing suit against Venneth L. Beard; and to forego judgment in any suit against Venneth L. Beard, and not to levy execution on any judgment which might otherwise be obtained against Venneth L. Beard, all for any injury, medical expense, loss of service or loss of consortium suffered by the covenantors arising out of an automobile collision occurring on April 3, 1961 in Toledo, Ohio, more fully described in the petition in Lucas County Common Pleas Civil Case No. 192699.

"It is not represented nor intended that said sum of TEN THOUSAND DOLLARS ($10,000.00) is full compensation for the injury sustained by Lois J. Munson and the loss of service, consortium and expense sustained by D. James Munson; and this instrument shall not constitute a release nor a full satisfaction to any other person, agency, or government. Said Lois J. Munson and D. James Munson specifically reserve unto themselves all their rights and causes of action against the United States of America under the Federal Tort Claims Act, as set forth in actions No. C 63–32 and No. C 63–33 in the United States District Court for the Northern District of Ohio, Western Division; wherein liability is charged against the United States of America as the employer of Venneth L. Beard at the time of the collision herein described.

"Entry shall be made in the Common Pleas Court case above described 'Dismissed without prejudice to other actions, at the costs of the defendant'; and Venneth L. Beard shall pay the costs thereof; but the Covenantors shall in no wise refile any action against Venneth L. Beard."

The complaint makes it clear that plaintiffs seek recovery against the United States under the doctrine of respondeat superior. Independent negligence on

**686**

the part of the United States is not alleged.

By means of the covenant not to sue plaintiffs completely released Beard of all claims against him arising out of the subject accident. The Court is thus confronted with the question of the legal effect to be given a document which fully releases an employee, when the employer's liability is based upon respondeat superior.

 Ohio law is clear. Release of a primary tortfeasor bars recovery from one secondarily liable. Hillyer v. City of East Cleveland, 155 Ohio St. 552, 99 N.E. 2d 772 (1951); Herron v. City of Youngstown, 136 Ohio St. 190, 24 N.E.2d 708 (1940); Ford Motor Company v. Tomlinson, 229 F.2d 873 (6th Cir.), cert. denied, 352 U.S. 826, 77 S.Ct. 38, 1 L. Ed.2d 49 (1956). And as stated by Judge Weick:

> "It makes no difference whether the rights against the secondary party were expressly reserved or whether the settlement was in part payment only of the claims or whether the settlement was accomplished by a legal instrument denominated covenant not to sue or a release."

> Delta Tank Mfg. Co. v. Weatherhead Co., 150 F.Supp. 525, 528 (N.D.Ohio 1957), aff'd per curiam, 254 F.2d 602 (6th Cir. 1958).

Plaintiffs' attempted reservation of their claims against the United States are therefore of no effect under Ohio law. And it is Ohio law which this Court must apply. Matland v. United States, 285 F.2d 752 (3d Cir. 1961).

To plaintiffs' argument that the peculiarities of the Federal Tort Claims Act require a different conclusion, we cite the statute's language:

> " * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States * * * under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred." 28 U.S.C. § 1346(b).

Since Ohio would bar this action if the United States were a private employer, the same result must obtain here. Bacon v. United States, 321 F.2d 880 (8th Cir. 1963); Land v. United States, 231 F. Supp. 883, 884 (N.D.Okl.1964), aff'd per curiam, 342 F.2d 785 (10th Cir. 1965).

Since there is no issue as to any material fact and defendant is entitled to judgment as a matter of law, defendant's motion for summary judgment will be sustained.