[Civ. No. 9884.   Third Dist.   Dec. 27, 1960.]

ROBERT L. SEHRT, Respondent, v. L. V. HOWARD, Appellant.

*Assigned by Chairman of Judicial Council.

John D. Chinello and Chinello & Chinello for Appellant.

James P. Shovlin, Jr., and George Olshausen for Respondent

SCHOTTKY, J.—L. V. Howard has appealed from a judgment in favor of Robert L. Sehrt in an action brought by Sehrt to recover damages for injuries allegedly received because of the negligence of Howard.

Howard was an independent contractor who hauled hay for the Riverbank Oil Company at the rate of $4.00 per ton. If Howard needed assistance Riverbank furnished a helper in which case the rate Howard received was $3.20 per ton. The difference went to the helper. In addition another 10 per cent was withheld, which, according to the testimony, was to cover social security taxes and a sum for workmen's com-

pensation insurance. Sehrt prior to the accident usually worked with Howard. He was paid by Riverbank. Howard never gave Sehrt a check nor did he keep any employment records. Howard did not carry a workmen's compensation policy in his own name. Riverbank told Sehrt where to work. Howard could discharge Sehrt, in that he could refuse to have Sehrt work with him, but only Riverbank could finally terminate Sehrt's employment.

The accident in which Sehrt was injured occurred on July 20, 1956, at a dairy barn, while Sehrt was unloading hay from Howard's truck, which was described as a "bobtail" truck with a 15-foot bed, of which some 7 feet were beyond the rear wheels. Howard had backed the truck partially into the barn where the hay was to be delivered. He did not back it all the way into the barn because of a rise in the cement floor of the barn which caused the sixth or top tier of hay to touch the barn door and prevented the truck from going back any farther. Howard testified he then turned off the ignition, set the hand brake all the way, and put the gearshift lever in reverse. After the truck was parked Howard loosened the ropes which held the load in place, and Sehrt climbed on top of the truck and started to toss the top tier of baled hay to the floor of the barn. Sehrt testified that he was standing on the fifth tier of hay removing the sixth tier; that he went to pick up a bale of hay and as he was going to turn around and toss the bale off the truck the truck moved ahead; that the bale of hay upon which he was standing went out from under him; and that as he turned toward the rear of the truck Howard told him to jump, but he went off the truck with the bale and struck the floor. Sehrt sustained a severe fracture of the right heel bone which eventually required fusion of the ankle joint. There was also testimony that the truck did not move, but this merely created a conflict in the evidence for the jury to resolve.

Appellant's first contention is that the superior court did not have jurisdiction to try the cause. Appellant contends that the evidence is susceptible of no other conclusion than that respondent Sehrt was in the special employment of appellant at the time of the injury and that therefore his exclusive remedy was under the Workmen's Compensation Act. (Lab. Code, §§ 3600 et seq.) We have concluded that this contention must be sustained and that the court erred in submitting the case to a jury.

As stated in *Miller* v. *Long Beach Oil Dev. Co.*, 167 Cal.App.2d 546, at page 549 [334 P.2d 695]:

"The possibility of the existence of a dual employment relationship is well recognized. As stated in *Industrial Indem. Exch.* v. *Industrial Acc. Com., supra,* 26 Cal.2d 130, 134 [156 P.2d 926], '. . . an employee may at the same time be under a general and a special employer, and where, either by the terms of a contract or during the course of its performance, the employee of an independent contractor comes under the control and direction of the other party to the contract, a dual employment relationship is held to exist. [Citations.]

" ' 'The right to control and direct the activities of the alleged employee or the manner and method in which the work is performed, whether exercised or not, gives rise to the employment relationship. [Citations.] And, although in distinguishing between an employment and an independent contractor relationship it has been said that "The test of 'control' . . . means *complete* control' " [citations], it is settled that "a general and special employment relationship is present if there exists in each some power, not necessarily complete, of direction and control." '

"But, to constitute evidence of the special employment relationship the special employer must have a power of direction and control over the way in which the work is to be done (*cf. Ridgeway* v. *Industrial Acc. Com.,* 130 Cal.App.2d 841, 848 [279 P.2d 1005]; *Wessell* v. *Barrett, supra,* 62 Cal. App.2d 374, 376 [144 P.2d 656]; see 1 Campbell, Workmen's Compensation 410, § 454.) As stated in *Ridgeway* v. *Industrial Acc. Com., supra,* at page 848: '[it is] . . . the fundamental rule that in order to establish the relationship of special employer and employee it is necessary that the special employer have some control over the details of the work to be done and not merely in the results accomplished, . . .' (See also *Doty* v. *Lacey,* 114 Cal.App.2d 73 [249 P.2d 550].)"

And as stated in *McFarland* v. *Voorheis-Trindle Co.,* 52 Cal.2d 698, 704 [343 P.2d 923] : "On the question of what facts give rise to a special employment relationship, this court stated in *Industrial Indem. Exch.* v. *Industrial Acc. Com., supra,* 26 Cal.2d 130, 135 : 'The right to control and direct the activities of the alleged employee or the manner and method in which the work is performed, whether exercised or not, gives rise to the employment relationship. . . . [I]t is settled that "a general and special employment relationship is present if there exists in each some power, not necessarily complete, of direction and control." [Citations.]' As indicated

the control need not be exercised. It is sufficient if the right to direct the details of the work is present. [Citations.]"

Howard testified that he would pick up the hay from Riverbank and deliver it where he was instructed to deliver it. He also testified that if Sehrt were a swamper on the truck Sehrt would take orders from him and do whatever he told him to do; and that if he did not want Sehrt on the truck he could dispense with his services. At the same time however Sehrt would be subject to the orders of Riverbank. Sehrt testified that he had worked with Howard on his truck for a good many months prior to the accident; that he was subject to Howard's orders at the time he was working on the truck; that he was also subject to the orders of Riverbank; and that he was on Howard's truck at the direction of Riverbank.

■ We are of the opinion that only one inference can be drawn from the evidence and that as a matter of law Sehrt was in the special employment of Howard. Clearly, when a master lends his servant to another, the servant goes to the other at the direction of the master. In such a situation the master has residuary control. He can recall the servant at will; he can discharge the servant or give him other orders. But this is not the test of special employment. The test is whether the special employer has the right to control the details of the work for which the employee was loaned. From the testimony of Howard and Sehrt it is clear that when Sehrt was on Howard's truck he was subject to his orders. No other conclusion may be drawn from the evidence. In such a situation Sehrt's remedy was limited to workmen's compensation. He could not maintain an action at law against Howard.

No other points raised require discussion.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied January 17, 1961, and respondent's petition for a hearing by the Supreme Court was denied February 21, 1961.